# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF IDAHO

IN RE                                      )
                                           )        **Case No. 09-20810-TLM**
**ERESFORD KYLER GENAY-WOLF**              )
**and JOLINE ELIZABETH GENAY-WOLF** )               **Chapter 7**
                                           )
                    **Debtors.**           )
_____    )

## MEMORANDUM OF DECISION
_____

This is a chapter 7 case, commenced in July, 2009.  Anthony E. Grabicki ("Trustee") was appointed as the chapter 7 trustee.  On October 6, 2009, Trustee sought Court approval for his employment of attorney Anthony E. Grabicki and the law firm of Randall Danskin ("Counsel").  *See* § 327(a).[1]  That application was granted by Order entered on November 2, 2009.  Doc. No. 36.  This District's Local Bankruptcy Rule 2014.1(c) provides in pertinent part:  "Any order of approval of employment entered by the court will relate back to the date of service of the application, which date shall be set forth in the order."  The order approving Trustee's employment of counsel, therefore, reflected an effective date of employment of October 6, 2009.  *Id.*

On December 2, 2011, Trustee filed an application to approve his employment of an accountant, Stanley A. Short ("Accountant").  Doc. No. 76.

_____

[1]  Unless otherwise indicated, all statutory citations are to the Bankruptcy Code, Title 11, U.S. Code §§ 101-1532.

MEMORANDUM OF DECISION - 1

The certificate of service of this application asserted a date of service of December 2, 2011.  *Id.* at 3.  An Order was entered approving Trustee's employment of Accountant under § 327(a) on January 4, 2012.  *See* Doc. No. 78.  That Order reflected approval of employment was effective as of December 2, 2011.  *Id.*

### A.      Accountant's Fee Application

On May 3, 2012, the "Final Application of Stanley A. Short, CPA for Compensation of Trustee's Accountant Fees Pursuant to 11 U.S.C. § 330," Doc. No. 80 ("Accountant's Fee Application"), was filed.[2]  Accountant requests therein total compensation of $2,250.00.[3]  The detail of this request shows services rendered on November 29, 2011 ($100.00); November 30, 2011 ($1,000.00); December 1, 2011 ($1,000.00); and January 25, 2012 ($150.00).  All but the January 25, 2012, services were performed prior to the December 2, 2011, effective date of employment.  *Id.* at 3.

### B.      Counsel's Fee Application

Also on May 3, 2012, Trustee's Counsel filed an application for allowance of final compensation under § 330, Doc. No. 79 ("Counsel's Fee Application"). Counsel's Fee Application seeks $4,427.50 in fees and $182.56 in reimbursable expenses.  This application specifically states:  "None of the fees requested in this

---

[2]  The "notice of electronic filing" or NEF establishes that this Application was filed by Anthony E. Grabicki, Esq., that is to say, by Trustee's Counsel.

[3]  No reimbursement of expenses is sought, only compensation for professional services.

MEMORANDUM OF DECISION - 2

application are for time expended as attorney for the trustee prior to the employment application filing date on October 6, 2009." *Id.* at 2. However, no similar assertion appears in Accountant's Fee Application, even though the same law firm prepared and filed both applications with the Court.

Counsel's Fee Application reflects three time entries applicable to the process of seeking compensation for Counsel and for Accountant. On a date shown as "07/27/2011," a paraprofessional charging $85.00 per hour billed 1.70 hours ($144.50) for services described as "Prepare Application for Compensation of attorney for trustee, Narrative, Certificate of Service, Notice of Fees, and Order; prepare Application for Compensation of accountant for trustee and Order; revise time sheets." *Id*. at 6.[4] On April 24, 2012, attorney Grabicki, charging at a rate of $320.00 per hour, billed .50 hours ($160.00) to "Review and Revise Applications for Compensation of Accountant and Attorney for Trustee and other pertinent documents." *Id.* That same date, the firm's paraprofessional, now charging $100.00 per hour, billed .70 hours ($70.00) to "Revise documents for compensation of accountant and attorney for trustee." *Id*.

Both fee applications were noticed to creditors and parties in interest with a deadline for objections. *See* LBR 2002.2(d). No objections were filed, and

---

[4]  The Court questions the date alleged for this entry, given that there were no filings with the Court in July, 2011 related to such matters (indeed, there were no filings at all between February 9, 2011, and October 31, 2011), and since approval of Accountant's employment was not even sought until December 2, 2011.

MEMORANDUM OF DECISION - 3

proposed orders were lodged, leading to the Court's review of this record.

### DISCUSSION AND DISPOSITION

#### A.  Standards

The Code provides that a professional person who has been employed under § 327(a) may be allowed "reasonable compensation for actual, necessary services rendered by [that] professional person, or attorney and by any paraprofessional person employed by any such person" as well as "reimbursement for actual, necessary expenses."  *See* §§ 330(a)(1)(A), (a)(1)(B).  In determining the amount of reasonable compensation, the Court is to "consider the nature, the extent, and the value of such services, taking into account all relevant factors[.]"  *See* § 330(a)(3).  Those relevant factors include those itemized in §§ 330(a)(3)(A) - (a)(3)(F).  The Court cannot allow compensation for unnecessary duplication of services or for services that were not reasonably likely to benefit the estate or necessary for administration of the case.  *See* §§ 330(a)(4)(A)(i), (a)(4)(A)(ii).

The burden of establishing entitlement to compensation, and its reasonableness, is on the applicant.[5]  The Court may reduce or deny an applicant's compensation if the burdens of the statute or case law are not met.  *See* § 330(a)(2).[6]  This Court has always taken pains to make a careful and informed

---

[5]  *See*, *e.g.*, *In re Schwandt*, 95 I.B.C.R. 268 (Bankr. D. Idaho 1995) (citing *In re Xebec*, 147 B.R. 518, 524 (9th Cir. BAP 1992)).

[6]  *In re Fairview Med. Clinic*, No. 99-01288, 2000 WL 33712479 at *1 (Bankr. D. Idaho
(continued...)

MEMORANDUM OF DECISION - 4

determination as to reasonable compensation, and takes seriously its obligation to do so even in the absence of objection.[7]

### B. Accountant's Fee Application

As noted above, Accountant's Fee Application establishes that $2,100.00 of the total $2,250.00 in fees sought were in fact rendered *prior* to the effective date of approval of employment.  Only $150.00 in services were rendered after that date.

Attorneys, accountants and other professionals for a chapter 11 debtor in possession may not be compensated for services "unless those services have been previously authorized by a court order."[8]  Thus, any services rendered prior to the effective date of the Court's order under § 327 approving the professional's employment are *per force* not compensable under § 330 or § 331.  The requirement of LBR 2014.1(c) that the "effective date" be expressly referenced in the § 327 order makes clear to all concerned this important date of demarcation.

---

[6](...continued)
May 8, 2000) (citing § 330(a)(2)); *see also Law Offices of Nicholas A. Franke v. Tiffany (In re Lewis)*, 113 F.3d 1040, 1045 (9th Cir. 1997).

[7]  *In re Mahaffey*, 247 B.R. 823, 825 (Bankr. D. Mont. 2000); *Lobel & Opera v. United States Tr. (In re Auto Parts Club, Inc.)*, 211 B.R. 29, 33 (9th Cir. BAP 1997); *Schwandt*, 95 I.B.C.R. at 269; *In re Maruko Inc.*, 160 B.R. 633, 637-38 (Bankr. S.D. Cal. 1993).

[8]  *Atkins v. Wain, Samuel & Co. (In re Atkins)*, 69 F.3d 970, 973 (9th Cir. 1995); *see also In re Melton*, 353 B.R. 901, 903 (Bankr. D. Idaho 2006) (citing *Atkins*, and *McCutchen, Doyle, Brown & Enersen v. Off'l Comm. of Unsecured Creditors (In re Weibel)*, 176 B.R. 209, 211 (9th Cir. BAP 1994)); *see also In re Ball*, 04.3 I.B.C.R. 87 (Bankr. D. Idaho 2004);  *In re Voechting*, 03.4 I.B.C.R. 237 (Bankr. D. Idaho 2003); *In re Ferreira*, 95 I.B.C.R. 282, 283 (Bankr. D. Idaho 1995); *In re Olmstead*, 95 I.B.C.R. 210, 211 (Bankr. D. Idaho 1995).

MEMORANDUM OF DECISION - 5

The Court has the ability to consider an "effective date" of employment approval that is earlier than the date of service of the employment application, however the same must be specifically requested, good cause shown, and an express order entered so providing.[9]  There was no such request in the application seeking approval of Accountant's employment.  And, once the order approving Accountant's employment was entered, which contained the specific date of employment approval per LBR 2014.1(c), there was no request, motion or other paper ever filed seeking relief from that Order or alteration of the effective date.  Nor does the Accountant's Fee Application seek to establish a basis for approval of compensation for services rendered prior to approval of employment.

Because there has been no attempt made to establish the "exceptional circumstances" required in this Circuit for retroactive approval,[10] the Court will disallow $2,100.00 of Accountant's requested compensation, and allow compensation of $150.00.

### C.    Counsel's Fee Application

Counsel specifically averred in Counsel's Fee Application that compensation was not sought for any services rendered prior to the employment

---

[9]  *See*, *e.g.*, *Atkins*, 69 F.3d at 973-76; *see also Melton*, 353 B.R. at 903-04 ("exceptional circumstances" must be shown for *nunc pro tunc* approval).

[10]  To establish those exceptional circumstances, the professional must (1) satisfactorily explain the failure to receive prior judicial approval and (2) demonstrate that their services benefitted the estate in a significant manner.  *Atkins*, 69 F.3d at 973-74 (citing *Halperin v. Occidental Fin. Grp., Inc. (In re Occidental Fin. Grp., Inc.)*, 40 F.3d 1059, 1062 (9th Cir. 1994); *Okamoto v. THC Fin. Corp. (In re THC Fin. Corp.)*, 837 F.2d 389, 392 (9th Cir. 1988)).

MEMORANDUM OF DECISION - 6

application date of October 6, 2009.  Though thus effectively acknowledging the

limits of LBR 2014.1(c) and precedent, Counsel nevertheless simultaneously filed

the Accountant's Fee Application which facially sought what precedent

prohibited.  But, not only was there no *nunc pro tunc* request made or showing

attempted, there was no disclosure in Accountant's Fee Application that any pre-

employment-approval services were included among those to be compensated.

This lack of disclosure and candor by Counsel, who prepared and filed both

applications, is problematic.  The Court concludes that the fees requested by

Counsel for the services of July 27, 2011 [*sic*] and April 24, 2012, which total

$374.50, will be reduced by half ($187.25).  Thus Counsel's Fee Application will

be granted in part, and compensation will be allowed in the amount of $4,240.25

($4,427.50 less $187.25) and expenses allowed in the amount of $182.56.

Orders will be entered accordingly.

DATED:  June 7, 2012

TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE

MEMORANDUM OF DECISION - 7