# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF IDAHO

| | | |
|---|---|---|
| IN RE | ) | |
| | ) | **Case No. 09-20810-TLM** |
| **ERESFORD KYLER GENAY-WOLF and** | ) | |
| **JOLINE ELIZABETH GENAY-WOLF** | ) | **Chapter 7** |
| | ) | |
| Debtors. | ) | |
| _____ | ) | |

## MEMORANDUM OF DECISION
## ON MOTION FOR RELIEF FROM ORDER
_____

## BACKGROUND

In this chapter 7 case, the Court on June 7, 2012, entered a Memorandum of Decision, Doc. No. 84 ("Decision"), and related Orders, Doc. Nos. 85, 86, allowing (with reductions) the requested compensation of attorney and chapter 7 trustee Anthony E. Grabicki ("Trustee"),[1] and allowing in part and otherwise denying the compensation request for Trustee's accountant, Stanley A. Short ("Accountant").  On June 28, Trustee filed a Motion "pursuant to Federal Rule of Bankruptcy Procedure 9024," Doc. No. 88 ("Motion"), seeking relief from the Order related to Accountant, Doc. No. 85.  The Motion was supported by declarations of Trustee and Accountant, Doc. Nos. 89, 90.

Pursuant to the procedures of this Court, such a motion for relief or

_____

[1]  Trustee sought and obtained approval from the Court to employ himself and the law firm of Randall Danskin.  *See* Doc. No. 36.  It was for his services as an attorney that Trustee requested the compensation allowed by the Court's June 7 Order, Doc. No. 86.

reconsideration is evaluated without hearing, after which the Court will rule on the motion, ask for a response, or have the matter set for hearing. The Court has so evaluated the Motion and Declarations here, as well as the rest of the record in this case, and determines that the Motion may be properly considered and disposed of on the moving papers and without hearing.

As the Decision makes clear, Trustee filed an application to approve his employment of Accountant, Doc. No. 76, which he served on December 2, 2011. An order was entered approving Trustee's employment of Accountant under § 327(a) on January 4, 2012.[2] *See* Doc. No. 78. That order reflected approval of Accountant's employment effective as of December 2, 2011. *Id*. This effective date was established under LBR 2014.1(c), which provides in pertinent part: "Any order of approval of employment entered by the court will relate back to the date of service of the application, which date shall be set forth in the order." The order approving Trustee's employment of Accountant specifically included this effective date of employment.

On May 3, 2012, Trustee caused to be filed the "Final Application of Stanley A. Short, CPA for Compensation of Trustee's Accountant Fees Pursuant to 11 U.S.C. § 330," Doc. No. 80 ("Accountant's Fee Application"). Accountant therein sought compensation of $2,250.00, however the detail of this request

---

[2]  Unless otherwise indicated, all statutory citations are to the Bankruptcy Code, Title 11 U.S. Code §§ 101-1532.

MEMORANDUM OF DECISION - 2

showed that all services rendered, save and except $150.00 of services on January 25, 2012, were performed prior to the December 2, 2011, effective date of employment. The Court, therefore, denied the request for allowance of the pre-employment approval services, and allowed only $150.00. Doc. Nos. 84, 85.

The fact that fees were sought for work performed prior to effective date of Accountant's employment was not forthrightly disclosed in Accountant's Fee Application, or in any of the other papers filed by Trustee related to compensation. The Court commented on this "lack of disclosure and candor" by Trustee, who had acknowledged in his own § 331 application that he was aware of the limitation on allowance of compensation for services rendered prior to employment approval. *See* Doc. No. 84 at 6-7. The Court also observed that, in addition to this lack of disclosure or acknowledgment of the limitation on compensation, there had been no request made in the Accountant's Fee Application, or otherwise, for Accountant's employment approval to be made retroactive (or *nunc pro tunc*). *Id.*

## MOTION AND DECLARATIONS

The Motion cites as authority Federal Rule of Bankruptcy Procedure 9024 and seeks an order "vacating and amending" the Decision and Order "for the reasons set forth in the trustee's declaration[.]" It further states:

> The trustee believes that exceptional circumstances were present justifying the nunc pro tunc employment of Stanley A. Short . . . effective November 28, 2011 . . . .

Doc. No. 88 at 1. The problem, of course, is that when Trustee sought to approve

MEMORANDUM OF DECISION - 3

the employment of Accountant on December 2, 2011, he did not seek such

retroactive or *nunc pro tunc* employment approval as of November 28, nor attempt

to establish the exceptional circumstances required to obtain such relief.  And,

when the order approving the employment of Accountant was issued on January 4,

2012, with its expressly noted effective date of December 2, 2011, neither Trustee

nor Accountant sought any relief from that order or made any other attempt to

establish another, different effective date of employment.

Further, when Trustee caused the filing of the Accountant's Fee

Application on May 3, 2012, he did not couple this § 331 application with a

request for an order making the effective date of employment something other

than December 2, 2011.  Nowhere in the Accountant's Fee Application did

Trustee expressly or directly note the problem with the majority of Accountant's

services having been performed prior to this effective date.  In fact, unlike the text

of Trustee's own application for compensation – which specified the effective date

of his employment approval and verified that no compensation for pre-

employment approval services was sought – Accountant's Fee's Application was

silent on the point.  The Court was required to review the record to determine this

effective date.

On what basis, then, is relief from the Order sought?  Trustee's declaration

discloses the following:

– Accountant performed services prior to the December 2, 2011, effective

MEMORANDUM OF DECISION - 4

date at Trustee's request for a "rush" job because of Trustee's desire to close the

estate;

– Accountant misplaced the [Rule 2014(a)] verification required of him that

was believed to have been signed in late November 2011;

– Trustee explained to Accountant in the past how "crucial and significant"

it is for employment approval to be sought before services are rendered;

– Trustee concluded on April 24, 2012, that the facts and circumstances in

this case "did not amount to 'exceptional circumstances'" under Ninth Circuit

authority and this Court's prior decisions, and that he therefore did not attempt to

request that relief or make the required showing;

– Trustee advised Accountant that the Court would likely disallow all his

pre-December 2, 2011, time and services, and that he felt he and Accountant were

"dead in the water" regarding the *nunc pro tunc* issue; and

– "Having just reread" some prior decisions, "[i]t now dawns on [Trustee]"

that there may be an argument to be made for exceptional circumstances.

*See* Doc. No. 89 at 2-3.

## DISCUSSION AND DISPOSITION

Federal Rule of Bankruptcy Procedure 9024, invoked here by Trustee,

makes Federal Rule of Civil Procedure 60, which allows for relief from a

judgment or order, applicable in bankruptcy cases.  The Motion should, but does

not, specify what grounds under Civil Rule 60 are urged.  In the absence of such

MEMORANDUM OF DECISION - 5

specificity, the Court will treat Trustee's Motion as one for relief under Rule 60(b)(1) or (6).

### A.    Rule 60(b)(6)

Under Civil Rule 60(b)(6), the Court may relieve a party from an order for "any other reason that justifies relief."  This phrase, though seemingly quite broad, has been narrowly construed.  *In re Shingleton*, 07.4 I.B.C.R. 73, 74, 2007 WL 2743503 at *3 (Bankr. D. Idaho Sept. 18, 2007).  Unlike Rule 60(b)(1), discussed further below, Rule 60(b)(6) "is limited to errors or actions beyond the party's control."  *Id.* (citing *In re Bott*, 03.2 I.B.C.R. 125, 126 (Bankr. D. Idaho 2003)).  "To qualify for relief under Federal Rule 60(b)(6), a moving party must 'show both injury and that circumstances beyond its control prevented timely action to protect its interests.  Neglect or lack of diligence is not to be remedied through Rule 60(b)(6).'"  *Id.* (quoting *Bott*, 03.2 I.B.C.R. at 126).

Trustee's declaration makes clear that he and Accountant were aware of the problem of the pre-employment services, and consciously passed on attempting to seek retroactive approval or other relief.  This was at least true as of the time of the preparation and filing of Accountant's Fee Application, according to the concessions in Trustee's declaration.  And upon the entirety of the record, the Court concludes they also knowingly passed on the opportunity to raise the issue at the time of the January 4, 2012, order approving employment, which expressly put them both on notice of the December 2, 2011, effective date of Accountant's

MEMORANDUM OF DECISION - 6

employment approval.

There are no errors, actions or circumstances beyond Trustee's and Accountant's control that prevented them from taking timely action. Relief under Rule 60(b)(6) is not warranted or justified.

### B.    Rule 60(b)(1)

Civil Rule 60(b)(1) provides that the Court may relieve a party from the effects of an order for "mistake, inadvertence, surprise, or excusable neglect." The Court is to equitably consider all relevant circumstances surrounding a party's, or its lawyer's, errors or omissions. *Shingleton*, 07.4 I.B.C.R. at 74. But while "excusable neglect" should be liberally construed, "not even a liberal interpretation of excusable neglect will excuse every error or omission in the conduct of litigation." *In re Bish's Boys, L.L.C.*, 02.1 I.B.C.R. 6, 7, 2002 WL 33939626 at *3 (Bankr. D. Idaho Jan. 16, 2002) (quoting *In re Wahobin*, 225 B.R. 756, 758, 98.4 I.B.C.R. 97, 97 (Bankr. D. Idaho 1998)).

Trustee's declaration makes clear that a conscious and calculated decision was made in not seeking *nunc pro tunc* employment approval or other relief from the January 4, 2012 employment order, either when that order was entered or in conjunction with Accountant's Fee Application. That this decision is regretted, or rethought, is inadequate grounds for relief now from the consequent and virtually inevitable June 7 Order limiting compensation.

Among the circumstances to be equitably weighed under Rule 60(b)(1) is

MEMORANDUM OF DECISION - 7

the reason for the delay in seeking relief "including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *See Bott*, 03.2 I.B.C.R. at 127 (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). The delay here, and failure to previously seek relief, was squarely within the control of Trustee and Accountant; indeed, Trustee indicates it was a knowing decision not to seek relief. Moreover, in considering whether the parties "acted in good faith," the Court cannot help but note – again – that neither Trustee nor Accountant mentioned or acknowledged in their submissions their knowledge that most of the fees sought by Accountant were for services rendered prior to employment approval, and their knowledge that compensation could not properly be allowed for those services. The disclosures in the declarations, coupled with the clearly acknowledged limitations on compensation approval set out in Trustee's own § 331 application, make the failure to mention or disclose the effective date of employment approval in Accountant's Fee Application appear intentional rather than a mere oversight. This record evidences a lack of good faith.

The request under Rule 60(b)(1) is not well taken and will also be denied.

### C.    Candor and disclosure

This latter point is important and bears revisiting. Trustee's declaration indicates he "was stunned by the court's reference [in the Decision] to [his] '. . . lack of disclosure and candor . . .'." Doc. No. 89 at 1. Despite Trustee's protest

MEMORANDUM OF DECISION - 8

that he had no "intention to mislead," *see id.*, the filing of Accountant's Fee

Application without addressing therein the problem of the effective date of

Accountant's employment approval, under all the circumstances (especially those

now revealed in Trustee's declaration), clearly evidences a lack of candor and

required disclosure.

The Idaho Rules of Professional Conduct apply to the conduct of members

of the bar of this Court.  *See* LBR 9010.1(g).[3]  Idaho Rule of Professional Conduct

3.3, entitled "Candor Toward the Tribunal," has two provisions relevant to the

present situation.  Rule 3.3(a)(2) provides that a lawyer shall not knowingly fail to

disclose legal authority known to the lawyer to be directly adverse to the position

taken and not otherwise disclosed by an opponent.[4]  Trustee knew that the

limitations on compensation would eliminate the ability of Accountant to be

compensated for the majority of his work, and determined along with Accountant

that no request for *nunc pro tunc* relief would be made as they were "dead in the

water."  Yet Trustee advanced the Application for all the requested fees, without

disclosure of the timing problem or acknowledgment of the adverse authority that

---

[3]  Trustee, who is a lawyer and in this case the Court-approved counsel for Trustee, is an active member of the Idaho State Bar.

[4]  This Rule speaks to positions the lawyer takes for his or her "client."  In the present situation, Trustee filed, through ECF, the Accountant's Fee Application, and has advocated on behalf of Accountant, including advancing the instant Motion.  (The Accountant's Fee Application, Doc. No. 80, was also filed with a caption indicating it was presented by Anthony Grabicki, attorney for Trustee.)  The Court finds the Rule's predicate met.

MEMORANDUM OF DECISION - 9

led even Trustee and Accountant to believe that the Application was for the most part not well taken.

Additionally, Rule 3.3(d) provides: "In an ex parte proceeding, a lawyer shall inform the tribunal of all material facts known to the lawyer that will enable the tribunal to make an informed decision, whether or not the facts are adverse." Accountant's Fee Application was issued on negative notice and, absent an actual objection, was considered on an effectively ex parte basis.[5]  The material, adverse facts here were not disclosed.  It was left to the Court to uncover them in close reading of the unopposed Application.  Trustee protests in his declaration that he "did not feel that it was necessary to highlight what was obvious[.]"  Doc. No. 89 at 1.  But by not being clear about the facts he knew and their adverse consequences, Trustee invited the Court to make an ill-informed decision, something avoided here only through the Court's own diligence.

Not only are the Idaho Rules of Professional Conduct implicated, Trustee's failure of candor and disclosure also implicate Rule 9011(b)(2), which requires that Trustee, in filing and advocating for the Accountant's Fee Application, certify that the claims made therein are warranted under existing law.

The Court initially thought the failures of disclosure were matters of oversight and negligence, in that Trustee simply failed to see the problem with

---

[5]  The Court notes that the United States Trustee could have, and in the Court's view should have, noted the problem with allowance of compensation for pre-employment approval services.  It did not.

MEMORANDUM OF DECISION - 10

Accountant's pre-approval services, even though his own law firm's § 331 application evidenced an awareness of the issue generally.  Unfortunately, the Motion and declarations now filed present a different, and more troubling, scenario.  Trustee knew the request to compensate Accountant was contrary to applicable authority, yet he proceeded with the Accountant's Fee Application as if it were proper, notwithstanding that knowledge.

The Court has considered what responses to this situation might be appropriate.  It concludes that a copy of this Decision shall be provided to the office of Bar Counsel for the Idaho State Bar, for such review, inquiry and action as it deems appropriate.[6]  That referral, along with the public posting of this Decision on the Court's website, is deemed to be a sufficient response to what has occurred.  Additional conduct of the sort addressed in this Decision, however, will result in an even more focused and consequential response.

**CONCLUSION**

Based on the foregoing, Trustee's Motion, Doc. No. 88, will be denied.  An appropriate order will issue.

---

[6]  Of course, the Court will also provide Bar Counsel, upon its request, with copies of any and all pleadings in this case.

MEMORANDUM OF DECISION - 11

DATED: July 12, 2012



TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE

MEMORANDUM OF DECISION - 12